UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED 2003 OCT 21 P 1:42 US DISTRICT COURT HARTFORD CT

DEAN DANIELS

V.

THOMAS O'BRIEN
MICHAEL WAGNER

PRISONER
CASE NO. 3:03CV302(AVC)

RULING AND ORDER

The plaintiff, currently an inmate at the Northern Correctional Institution in Somers, Connecticut, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The plaintiff alleges that State's Attorney Thomas O'Brien gave false testimony at his sentencing hearing. The plaintiff claims that Attorney O'Brien's testimony caused the court to sentence him to a longer term of imprisonment. The plaintiff also alleges that Special Public Defender Wagner failed to effectively represent him at the sentencing hearing. The plaintiff seeks monetary damages and to be resentenced. For the reasons set forth below, the complaint is dismissed.

The plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . .

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i) - (iii). Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

"When an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915 (e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez, 907 F.2d at 1295).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston, 141 F.3d at 437. The court exercises caution in dismissing a case under § 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily

frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989).

A district court must also dismiss a complaint if it fails to state a claim upon which relief may be granted. See 28 U.S.C. 19159e)(2)(B)(ii) ("court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim upon which relief may be granted"); Gomez, 202 F.3d at 596 ("Prison Litigation Reform Act . . . which redesignated § 1915(d) as § 1915(e) [] provided that dismissal for failure to state a claim is mandatory"). In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. Gomez, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d. Cir. 1999)). Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted. Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

A district court is also required to dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii); Spencer v. Doe, 139 .3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to § 1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity").

In order to state a claim for relief under § 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

I. Claim for Injunctive Relief

The plaintiff claims that he received an excessive sentence. He seeks to be resentenced. In a section 1983 action, the court cannot grant the plaintiff relief in the form of an order that he receive a lesser sentence. See Prieser v. Rodriguez, 411 U.S. 475, 489 (1973) (when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release, his sole federal remedy is in habeas corpus);

Mack v. Varelas, 835 F.2d 995, 998 (2d Cir. 1987) ("state prisoner may not bring a civil rights action in federal court under § 1983 to challenge either the validity of his conviction or the fact or duration of his confinement. Those challenges may be made only by petition for habeas corpus") (citing Preiser, 411 U.S. at 489-90). Such a request for relief must be made in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accordingly, the plaintiff's claim for injunctive relief must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)

II. Claim Against Special Public Defender Wagner

The plaintiff alleges that Attorney Wagner was his Special Public Defender in a state sentencing proceeding. The plaintiff claims that Attorney Wagner failed to effectively represent him in the criminal proceeding. The plaintiff does not allege any facts to indicate that Attorney Wagner was acting under color of state law when he represented the plaintiff in the state criminal matter. Absent special circumstances suggesting concert of action between an attorney and a state representative, an attorney's representation of a defendant in a state civil or criminal proceeding does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983 against the attorney even if the attorney was appointed by the court or employed as a public defender. See Polk County v. Dodson, 454 U.S. 312, 318, 325 (1981) ("public

defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant"); Housand v. Heiman, 594 F.2d 923, 924-25 (2d Cir. 1979) (public defenders and court-appointed attorneys do not act under color of state law); Malachowski v. Keene, 787 F.2d 704, 710 (1st Cir.) (court-appointed private attorney does not act under "color of state law") cert. denied, 479 U.S. 828 (1986); McArthur v. Bell, 788 F. Supp. 706, 710 n. 1 (E.D.N.Y. 1992) ("private attorney representing a client in either a civil or criminal action is not a state actor" unless he conspires with state actors); King v. Williams, 554 F. Supp. 421, 422 (N.D. Ind. 1983) (public defenders appointed by the court to represent plaintiff in two habeas corpus proceedings did not act under color of state law in performing their duties as public defenders).

As a special public defender appointed by the court, Attorney Wagner is clearly not a state actor under section 1983. See Polk County, 454 U.S. at, 325; Housand, 594 F.2d at 924-25; Malachowski, 787 F. 2nd at 710. Furthermore, the plaintiff does not allege that Attorney Wagner engaged in an agreement or conspiracy with state officials to deprive him of his rights. Because neither a public defender or a court-appointed attorney acts under color of state law while representing a party in a criminal or civil action, Attorney Wagner is immune from liability under section 1983. Accordingly, the plaintiff's

claims against Attorney Wagner are dismissed. See 28 U.S.C. § 1915(e)(2)(B)(i).

III. Claims Against State's Attorney O'Brien

The plaintiff also sues the State's Attorney who prosecuted his criminal case and was present at his sentencing hearing. A prosecutor is absolutely immune "from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate." Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994). In Imbler v. Pachtman, 424 U.S. 409 (1976), the Supreme Court held that a state prosecutor was absolutely immune from a civil suit to recover damages under section 1983 because the prosecutor's conduct "in initiating a prosecution and presenting the State's case" were "intimately associated with the judicial phase of the criminal process." Id. at 430-31. The Second Circuit has held that

> [t]he absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation, including presentation of evidence to a grand jury to initiate a prosecution, . . . activities in deciding not to do so . . ., and conduct of plea bargaining negotiations. . . .

Barrett v. United States, 798 F.2d 565, 571-72 (2d Cir. 1986) (citing Lee v. Willins, 617 F.2d 320 (2d Cir.), cert denied, 449 U.S. 861 (1980); Dacey v. Dorsey, 568 F.2d 275, 278 (2d Cir.), cert. denied, 436 U.S. 906 (1978); Taylor v. Kavanagh, 640 F.2d

450 (2d Cir.1981)).

Here, the plaintiff alleges that State's Attorney O'Brien offered false testimony at his sentencing hearing. The plaintiff claims that the false testimony led to the imposition of a longer sentence than required by law. The actions attributed to State's Attorney O'Brien are part of his role in the prosecution and sentencing of defendants in state criminal cases. Participation in a sentencing hearing is a part of the judicial phase of the criminal process. See e.g. Barese v. Clark, 62 Conn. App. 58, 66-67, 773 A.2d 946, 951-52 (2001) (holding that state prosecutor entitled to absolute immunity for conduct at sentencing hearing during which prosecutor revealed confidential information in presentence investigation report because presentence investigation report was part of the judicial process and sentencing hearing was part of judicial phase of criminal process). The court concludes that the actions of State's Attorney O'Brien in connection with the sentencing hearing are intimately associated with the judicial phase of the state criminal process and that Attorney O'Brien is entitled to prosecutorial immunity as to the plaintiff's claims against him. Accordingly, the claims against Attorney O'Brien are dismissed. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(i).

## Conclusion

For the reasons stated above, the complaint is DISMISSED. *See* 28 U.S.C. § 1915(e)(2)(B)(i). In view of the dismissal of the complaint, the plaintiff's Motion for Appointment of Counsel [doc. #4] is DENIED as moot. It is certified that any appeal *in forma pauperis* from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a).

SO ORDERED.

Dated this 21st day of October 2003, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge